O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| | Case No. 14-cv-00865 (VEB) |
| HECTOR HUGO LARA RAMIREZ, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In April of 2010, Plaintiff Hector Hugo Lara Ramirez applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, represented by Lowenstein Disability Lawyers, ALC, Janna K. Lowenstein, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket Nos. 11, 13, 22, 25). On December 28, 2015, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 24).

## II. BACKGROUND

Plaintiff applied for benefits on April 29, 2010, alleging disability beginning May 17, 2009, due to physical and mental impairments. (T at 131-37, 169).[1]  The application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On August 9, 2012, a hearing was held before ALJ Lisa D. Thompson. (T at 35).  Plaintiff appeared with his attorney and testified. (T at 40-52).  The ALJ also received testimony from Gregory Jones, a vocational expert (T at 52-59).

On August 23, 2012, the ALJ issued a written decision denying the application for benefits.  (T at 16-34).  The ALJ's decision became the

---

[1] Citations to ("T") refer to the administrative record at Docket No. 16.

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

Commissioner's final decision on December 3, 2013, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On February 4, 2014, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 3). The Commissioner interposed an Answer on August 22, 2014. (Docket No. 15).  The parties filed a Joint Stipulation on November 17, 2014. (Docket No. 20).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case should be dismissed.

## III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

1  considering his or her age, education and work experiences, engage in any other

2  substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

3  1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

4  vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

5      The Commissioner has established a five-step sequential evaluation process

6  for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

7  one determines if the person is engaged in substantial gainful activities. If so,

8  benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the

9  decision maker proceeds to step two, which determines whether the claimant has a

10  medially severe impairment or combination of impairments. 20 C.F.R. §§

11  404.1520(a)(4)(ii), 416.920(a)(4)(ii).

12      If the claimant does not have a severe impairment or combination of

13  impairments, the disability claim is denied. If the impairment is severe, the

14  evaluation proceeds to the third step, which compares the claimant's impairment(s)

15  with a number of listed impairments acknowledged by the Commissioner to be so

16  severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii),

17  416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

18  equals one of the listed impairments, the claimant is conclusively presumed to be

19  disabled. If the impairment is not one conclusively presumed to be disabling, the

20

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

**B.      Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]  may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

1    It is the role of the Commissioner, not this Court, to resolve conflicts in

2  evidence.  *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

3  interpretation, the Court may not substitute its judgment for that of the

4  Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

5  Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

6  set aside if the proper legal standards were not applied in weighing the evidence and

7  making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

8  432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the

9  administrative findings, or if there is conflicting evidence that will support a finding

10  of either disability or non-disability, the finding of the Commissioner is conclusive.

11  *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

12  **C.      Commissioner's Decision**

13    The ALJ determined that Plaintiff had not engaged in substantial gainful

14  activity since May 17, 2009 (the alleged onset date) and met the insured status

15  requirements of the Social Security Act through December 31, 2014 (the date last

16  insured). (T at 16).  The ALJ found that Plaintiff's cervical spine strain, status post

17  right knee and back injury, right knee chondromalacia, obesity, and depression were

18  "severe" impairments under the Act. (Tr. 21).

19

20

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 23).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform work at all exertional levels, with the following non-exertional limitations: limited to work that involves understanding, remembering, and carrying out simple, repetitive tasks and simple, detailed, and complex instructions, with no more than frequent interaction with supervisors, co-workers, and the public and no more than frequent crawling or kneeling. (T at 24).

The ALJ found that Plaintiff could perform his past relevant work as a laborer and warehouse worker. (T at 28).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between May 17, 2009 (the alleged onset date) and August 23, 2012 (the date of the ALJ's decision) and was therefore not entitled to disability insurance benefits. (T at 29). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

**D.     Disputed Issues**

As set forth in the Joint Stipulation submitted by the parties (Docket No. 20), Plaintiff offers four (4) arguments in support of his claim that the Commissioner's decision should be reversed.  First, he contends that the ALJ did not properly assess the opinions of his treating providers.   Second, Plaintiff challenges the ALJ's credibility determination.  Third, he argues that the ALJ denied him a full and fair hearing.  Fourth, Plaintiff asserts that the ALJ erred by finding that he could perform his past relevant work.  This Court will address each argument in turn.

# IV. ANALYSIS

**A.     Treating Physician Opinions**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs*., 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

### 1.      Dr. Maibaum

In August of 2012, Dr. Matthew Maibaum, Plaintiff's treating psychologist, completed a Mental Residual Functional Capacity Questionnaire.  Dr. Maibaum described Plaintiff as "very depressed due to back pain" and noted that he suffered from severe insomnia, pain disorder, and low endurance. (T at 535).  Plaintiff's prognosis was described as "guarded." (T at 535).  With regard to Plaintiff's mental abilities and aptitudes with regard to work activities, Dr. Maibaum opined as

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

follows: Plaintiff is seriously limited, but not precluded from remembering work-like procedures, carrying out very short and simple instructions, maintaining attention for 2 hour segments, maintaining attendance and being punctual within customary (usually strict) tolerances, sustaining an ordinary routine without special supervision, making simple work-related decisions, completing a normal workday and workweek without interruptions from psychologically-based symptoms, responding appropriately to changes in a routine work setting, and dealing with normal work stress. (T at 537).  Dr. Maibaum found Plaintiff limited, but with satisfactory abilities with regard to understanding, remembering, and carrying out very short/simple instructions, working in coordination with or proximity to others without being unduly distracted, asking simple questions or requesting assistance, accepting instructions and responding appropriately to criticism from supervisors, getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes, and being aware of normal hazards and taking appropriate precautions. (T at 537).

In addition, Dr. Maibaum opined that Plaintiff was seriously limited, but not precluded with regard to interacting with the general public.  He found that Plaintiff has limited (but satisfactory) abilities to maintain socially appropriate behavior. (T at 538).  He concluded that Plaintiff was unable to meet competitive standards with

regard to travelling in unfamiliar places. (T at 538).   Dr. Maibaum reported that Plaintiff would likely miss work more than 4 days per month due to his impairments. (T at 539).  He does not believe Plaintiff is a malingerer. (T at 539).

The ALJ gave Dr. Maibaum's opinion "little probative weight," finding it inconsistent with the objective medical evidence, including Dr. Maibaum's own clinical findings. (T at 28).  For the following reasons, this Court finds the ALJ's decision supported by substantial evidence and consistent with applicable law.

Dr. Maibaum's clinical findings indicated that Plaintiff had "signs of anxiety," but was "cooperative, punctual, and assertive," with "an above-average intellectual level" and "age-appropriate fund of knowledge." (T at 343-43).   He noted that Plaintiff had "endorsed a high number of unusual responses," which he believed was either due to confusion, difficulty with comprehension, lack of effort, or an effort to "overemphasize symptomology." (T at 348).   Dr. Maibaum opined that Plaintiff answered in a manner "more consistent with stereotypes and common misconceptions about typical psychiatric patient symptomatology." (T at 348).   He interpreted Plaintiff's test scores as indicative of "severe overrepresentation of distress." (T at 350).  Dr. Maibaum believed that Plaintiff was "letting out a cry for help" and needed "effective coping skills" to deal with his pain, anxiety, and depression. (T at 350).

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

1    In September of 2009, Plaintiff was evaluated by Dr. Bruce Rubenstein and

2    Dr. Donna Alvarado in connection with a workers' compensation claim.    Dr.

3    Rubenstein and Dr. Alvarado performed psychological testing and concluded that

4    Plaintiff was "exaggerating symptoms and complaints." (T at 319).  They assigned a

5    Global Assessment of Functioning ("GAF") score[2] of 55 (T at 325), which is

6    indicative of moderate symptoms or difficulty in social, occupational or educational

7    functioning. *Metcalfe v. Astrue*, No. EDCV 07-1039, 2008 US. Dist. LEXIS 83095,

8    at *9 (Cal. CD Sep't 29, 2008).

9    In August of 2010, Dr. Raymond Yee performed a psychiatric consultative

10   examination.  Dr. Yee diagnosed adjustment disorder with depressive and anxiety

11   features and assigned a GAF of 60 (T at 393), which is indicative of moderate

12   symptoms.  Dr. Yee opined that Plaintiff could perform simple and repetitive tasks,

13   as well as detailed and complex tasks, accept instructions from supervisors, interact

14   with co-workers and the public, perform work activities on a consistent basis

15   without special or additional instruction, maintain regular attendance in the

16   workplace, complete a normal workday/workweek without interruptions from

17   psychiatric conditions, and deal with usual workplace stress. (T at 393-94).

18   [2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational
     functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161,
19   1164 n.2 (9th Cir. 1998).

20

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

1    The ALJ also noted evidence in the record to the effect that Plaintiff could

2    watch soccer games on television and play card games, which conflicted with the

3    notion that his concentration was severely impaired. (T at 27).

4    The ALJ acted within her discretion in determining that the overall record,

5    including Dr. Maibaum's clinical findings, the evaluation of Dr. Rubenstein and Dr.

6    Alvarado, Plaintiff's activities, and Dr. Yee's consultative examination provided a

7    basis for discounting Dr. Maibaum's extremely restrictive opinion.

8    Plaintiff urges an alternative interpretation of the evidence.  To that end,

9    Plaintiff notes that in July of 2009, Dr. C. Carrera completed a form for the

10   California Employment Development Department, in which he diagnosed major

11   depressive disorder (single episode) and opined that Plaintiff would not able to

12   return to his regular/customary work until July of 2010. (T at 463).  The ALJ did not

13   address this form, which Plaintiff cites as an error requiring remand.

14   However, there is sufficient evidence in the record to sustain the ALJ's

15   decision notwithstanding this error.  Dr. Carrera did not provide any clinical findings

16   to support his assessment and did not give a detailed review of Plaintiff's functional

17   limitations.  The ALJ is not obliged to accept a treating source opinion that is "brief,

18   conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*,

19   504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947,

20

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

957 (9th Cir. 2002)).   Moreover, Dr. Yee's assessment, which was supported by detailed findings, was rendered in August of 2010, was supportive of the ALJ's conclusion that Plaintiff's mental health symptoms began to improve during June/July of 2009 (right around the time Dr. Carrera completed the form), when Plaintiff began receiving mental health treatment. (T at 26, 390).

Plaintiff also points to an assessment by Dr. Susan Strivers completed in October of 2008.   Dr. Stivers performed an initial evaluation and diagnosed adjustment disorder with depressed mood and generalized anxiety disorder. (T at 296).   She assigned a GAF of 55, which indicates moderate symptoms. (T at 296).   She reported that Plaintiff had "serious symptoms of depression and anxiety" that needed to be "addressed and alleviated" if he was to return to the workforce. (T at 297-98).   Dr. Stivers opined that Plaintiff could return to "a previous, and perhaps more effective, level of functioning" if he was to receive mental health treatment. (T at 298).   The ALJ also did not address Dr. Stivers's opinion.   However, Dr. Stivers examined Plaintiff in October of 2008, a year prior to the alleged onset of disability. (T at 282).   Moreover, the ALJ included limitations in the RFC related to Plaintiff's mental health (*i.e.* simple, repetitive tasks; no more than frequent interaction with supervisors, co-workers and the public). (T at 24).   Lastly, on a fundamental level,

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

the ALJ reached the same conclusion as Dr. Stivers – namely, that mental health treatment would be (and was) helpful in controlling Plaintiff's symptoms. (T at 26).

In light of the foregoing, this Court finds no reversible error in the ALJ's decision to discount Dr. Maibaum's assessment.

### 2.    Dr. Andalib

In January of 2009, Dr. Nikta Andalib, Plaintiff's chiropractor, completed a Progress Report, in which she opined that Plaintiff could return to modified work, with no lifting/pushing/pulling greater than 25-30 pounds and no walking more than 1-2 hours without a 5 minute rest. (T at 459).   Dr. Andalib noted the same limitations in Progress Reports completed in February and April of 2009. (T at 457-58).

Plaintiff points out (correctly) that the ALJ did not specifically state how much weight she afforded Dr. Andalib's opinion.  However, the ALJ discussed Dr. Andalib's assessment extensively and compared it unfavorably with other evidence of record, providing sufficient support for the ALJ's overall disability determination, even if the ALJ erred in failing to expressly state how much weight she gave this particular opinion.  (T at 21, 26).

As a threshold matter, Dr. Andalib is a chiropractor, not a medical doctor. Medical sources are divided into two categories: "acceptable" and "not acceptable."

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

20 C.F.R. § 404.1502. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 404.1502. Medical sources classified as "not acceptable" (also known as "other sources") include nurse practitioners, therapists, licensed clinical social workers, and chiropractors. SSR 06-03p. The opinion of an acceptable medical source is given more weight than an "other source" opinion. 20 C.F.R. §§ 404.1527, 416.927. The ALJ only needs to give "germane reasons" before discounting an "other source" opinion. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). Here, although the ALJ did not specifically state how much weight she gave Dr. Andalib's opinion, she certainly provided germane reasons for discounting that opinion when formulating the RFC determination.

The ALJ noted that Plaintiff saw Dr. Andalib infrequently between 2008 and 2009 and it is unclear from the chiropractor's treatment notes what treatment, if any, she provided Plaintiff. (T at 26). Dr. Andalib's opinion is also not supported by any supporting findings or detailed explanation. In addition, the ALJ acted within her discretion in affording greater weight to other opinions in the record.

In April of 2009, Dr. Roger Sohn, an examining orthopedic surgeon, concluded that Plaintiff was limited to no repetitive kneeling or squatting, but found no other limitations. (T at 444). He opined that Plaintiff did not need medical

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

treatment for his physical impairments, other than Motrin or Advil as needed. (T at 444).

In August of 2010, Dr. Fariba Vesali, an examining orthopedic surgeon, conducted a comprehensive orthopedic evaluation.  Dr. Vesali diagnosed morbid obesity and chronic low back pain, but opined that Plaintiff's condition did not impose any limitations lasting more than 12 months.  Dr. Vesali found that Plaintiff could walk, stand, sit, and lift/carry with no limitations. (T at 398).

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Andalib's assessments, but it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's finding was supported by substantial evidence and should be sustained.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

1    In this case, Plaintiff testified as follows: He was 34 years old at the time of

2  the hearing. (T at 40).  He stopped working as a coating technician due to depression

3  and physical problems. (T at 43).  In particular, lower back pain, shoulder pain, and

4  knee pain are serious problems. (T at 43).  His back "gives out" at least twice a

5  month, rendering him unable to get out of bed. (T at 43).  He has a constant

6  throbbing in his back, which travels down his right leg. (T at 43-44).  Shoulder pain

7  is also an issue. (T at 44).  As of the date of the hearing, Plaintiff was treating his

8  pain with Tylenol and ice, but he was not seeing any doctors because he lacked

9  health insurance. (T at 44-45).  Constant knee pain is also a problem, causing falls

10  approximately twice a month. (T at 45-46).  He also has headaches three to four days

11  a week, lasting one to two hours. (T at 46).  Depression causes decreased motivation.

12  (T at 47).  Anxiety prevents him from dealing with stress. (T at 47).  He was

13  receiving therapy and medication to help with his psychological symptoms. (T at

14  48).  He has low tolerance for everyday situations and does not believe he could

15  handle work stress. (T at 50-51).  Difficulty with focus is also an issue. (T at 51).  He

16  cannot pay attention to a TV show. (T at 52).

17    The ALJ concluded that Plaintiff had established a foundation for his basic

18  symptoms, but found that Plaintiff's testimony regarding the nature and extent of his

19  impairments was not fully credible.  (T at 25).  The ALJ's decision was supported by

20

substantial evidence and consistent with applicable law.  The ALJ reviewed the medical record in detail and found little diagnostic evidence to support Plaintiff's claims of disabling back and knee pain. (T at 25-26).  The physical examinations indicated generally normal motor strength, reflexes, and sensation in the upper and lower extremities. (T at 26).

Dr. Maibum opined that Plaintiff answered in a manner "more consistent with stereotypes and common misconceptions about typical psychiatric patient symptomatology" and interpreted Plaintiff's test scores as indicative of "severe overrepresentation of distress," which could be interpreted as a reluctant and polite way to indicate malingering. (T at 348, 350).  Dr. Rubenstein and Dr. Alvarado performed psychological testing and concluded that Plaintiff was "exaggerating symptoms and complaints." (T at 319).  Dr. Yee opined that Plaintiff could maintain regular attendance in the workplace, complete a normal workday/workweek without interruptions from psychiatric conditions, and deal with usual workplace stress. (T at 393-94).  Dr. Sohn opined that Plaintiff did not need medical treatment for his physical impairments, other than Motrin or Advil as needed. (T at 444).  Dr. Vesali opined that Plaintiff's condition did not impose any limitations lasting more than 12 months and found that Plaintiff could walk, stand, sit, and lift/carry with no limitations. (T at 398).

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

With regard to activities of daily living, Plaintiff reported that he played card games, watched soccer matches on television, took care of his young children, walked daily for up to an hour, visited family and his girlfriend, and attend family gatherings. (T at 314-16).  When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

For the foregoing reasons, this Court finds that the ALJ's credibility determination withstands scrutiny under the applicable legal standard.

## C.    Right to a Full and Fair Hearing

Plaintiff contends that the ALJ improperly prohibited him from testifying regarding his ear pain, difficulty hearing, and headaches.  Thus, Plaintiff contends that he was deprived of a full and fair hearing.

Plaintiff's argument is lacking in merit.   When Plaintiff's counsel asked Plaintiff about ear pain, the ALJ made the following statement: "Ms. Lowenstein, he didn't file a claim about his ear.  It was about his knee, his back and depression so …." (T at 46). Counsel responded: "Oh, I'm sorry.  That was in the records. I'm sorry." (T at 46).  The ALJ stated: "That's not what he filed it on."  Counsel replied: "Okay. That's fine" and continued with the examination. (T at 46).

Plaintiff was permitted to testify regarding his headaches. (T at 46-47). During the testimony, the ALJ noted that Plaintiff had not previously identified headaches as a disabling impairment and suggested that Plaintiff's counsel move on to testimony regarding the impairments actually alleged. (T at 47).   Plaintiff's counsel responded "Okay," and began questioning Plaintiff about his depression. (T at 47).

At no point did counsel object or explain to the ALJ why her line of questioning was appropriate or relevant under the circumstances.  Plaintiff's counsel apologized, appeared to agree with the ALJ, and moved on to other lines of inquiry. As such, it cannot be said that the ALJ denied Plaintiff a full and fair hearing.

Moreover, and more importantly, Plaintiff has not demonstrated how he was prejudiced.  Plaintiff cites to various records referencing his ear pain, difficulty hearing, and headaches.  However, many of the records were generated prior to the

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

1    alleged onset date, and no medical provider opined that these conditions were

2    disabling.  Moreover, the crux of Plaintiff's argument is that he was denied the right

3    to offer additional testimony at his hearing regarding these complaints.  However,

4    the ALJ already found Plaintiff's testimony not fully credible, based (among other

5    things) on documented findings of symptom exaggeration.  It is thus improbable that

6    additional testimony about impairments Plaintiff had not originally listed as

7    disabling would have affected the ALJ's decision.  In other words, even if the ALJ

8    erred in directing Plaintiff's counsel to move on to other subjects (and if this Court

9    were to consider it error, as there is no per se rule limiting a claimant to the

10   impairments identified in application), Plaintiff has not shown how his lack of

11   testimony materially altered the outcome of the case.  This Court finds no reversible

12   error as to the ALJ's conduct of the administrative hearing and/or development of

13   the record.

14   **D.    Past Relevant Work**

15       "Past relevant work" is work that was "done within the last 15 years, lasted

16   long enough for [the claimant] to learn to do it, and was substantial gainful activity."

17   20 C.F.R. §§ 404.1565(a), 416.965(a).  At step four of the sequential evaluation, the

18   ALJ makes a determination regarding the claimant's residual functional capacity and

19   determines whether the claimant can perform his or her past relevant work.

20

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

Although claimant bears the burden of proof at this stage of the evaluation, the ALJ must make factual findings to support his or her conclusion. *See* SSR 82-62. In particular, the ALJ must compare the claimant's RFC with the physical and mental demands of the past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). In sum, the ALJ must determine whether the claimant's RFC would permit a return to his or her past job or occupation. The ALJ's findings with respect to RFC and the demands of the past relevant work must be based on evidence in the record. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). The Regulations provide that a vocational report and the claimant's testimony should be consulted to define the claimant's past relevant work as it was actually performed. *Id.*; SSR 82-61, 82-41.

Here, the ALJ concluded that Plaintiff could perform his past relevant work as a laborer and warehouse worker. (T at 28-29). This finding was based on the testimony of Gregory Jones, a vocational expert, who testified that a hypothetical claimant with Plaintiff's RFC could perform Plaintiff's past relevant work, both as generally performed and as Plaintiff performed it. (T at 55-56). Plaintiff challenges the step four finding by essentially restating his other arguments. Those arguments fail for the reasons outlined above and, thus, Plaintiff's step four challenge likewise fails. The ALJ's decision was supported by the medical evidence, including the

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

diagnostic evidence, opinions of examining medical providers, and Plaintiff's activities of daily living.

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB

1        The Clerk of the Court shall file this Decision and Order and serve copies

2    upon counsel for the parties.

3        DATED this 7th day of March, 2016.

4

5                                   /s/Victor E. Bianchini
                                    VICTOR E. BIANCHINI
6                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

DECISION AND ORDER – LARA RAMIREZ v COLVIN 14-CV-00865-VEB